The State of Missouri ex rel. Paula Muehl, etc., Appellant, v. Robert Robyn et al., Respondents.

Kansas City Court of Appeals, April 25, 1887.

Practice—Instructions not Asked—Admission of Irrelevant Evidence.—Where, in a proceeding by *mandamus*, upon return made, and replication filed by petitioner, the cause was submitted to the court, and no declarations of law were asked or given; and evidence was admitted which was clearly irrelevant, but which could not have influenced the conclusion reached by the court, this court will affirm the judgment.

Appeal from Gasconade Circuit Court, Hon. A. J. Seay, Judge.

*Affirmed.*

This action was commenced in the *Gasconade* county circuit court by the relatrix, Paula Muehl, who is a

minor under fourteen years of age, against the defend-
ants, as *school directors* of the school district of Her-
mann, Gasconade county. The relatrix was a pupil of
the public school, and some time in the fall, 1885, she was
expelled from said public school by the defendants, for
the reason that she refused to pay the tuition required
to be paid by non-resident pupils. The defendants
claimed that she is a *non-resident*, and she contended
that she was a *resident* of the school district of Hermann,
and had a right to attend said public school without
being compelled to pay a tuition, and this suit is brought
to compel the *defendants* to allow her to attend said
public school as a resident pupil, *without paying a tui-
tion.*

BROADHEAD & HAUESSLER, with EMIL ROSENBER-
GER, for the appellant.

I. Was, and is, the child a resident of the Her-
mann school district? Where any person, having no
family, shall generally reside, shall be deemed the place
of his residence (Rev. Stat., sect. 3126, sub-div. 17).
Legal process on this child must be served at its resi-
dence (usual place of abode), and not at its legal domi-
cile. Generally, the domicile of the parent is the domicile
of the minor child. 27 Mo. 280. But there is a differ-
ence between a *domicile* and a residence. *Johnson v.
Smith,* 43 Mo. 499; 2 Bouvier's Law Dict. [11 Ed.] 465.
A party may have a *residence* in one state, while his
*family* may dwell in another. *Bank v. Cooper,* 40 Mo.
169. *Two elements* are necessary to establish a residence,
one *of fact and one of intent.* No period of time is
required to gain a *residence;* it is *animus manendi.*
1 Burrill's Law Dict. 72; *Inhabitants of Warren v.
Inhabitants of Thomaston,* 43 Me. 406; *School District
v. Pollard,* 55 N. H. 503; *Taney's appeal,* 97 Pa. If
this child was sent into the district for the purpose to *go
to school,* she must pay tuition. *School District v. Bray-
den,* 23 N. H. 507. If she was sent into the district

under circumstances which she cannot control, and in good faith, to live with her grandmother, as a companion, *without any fixed intention to depart*, she is entitled to the school privilege, no matter how wealthy the father is. Const., art. 11, sect. 1.

II. Freund's evidence should have been excluded, for it makes no difference whether she is an advanced scholar, or behind in her studies; this is immaterial to the issue.

No brief for the respondent.

HALL, J.—This was a proceeding against the directors of the school district of the town of Hermann, in Gasconade county, upon an alternative writ of *mandamus*, issued by the circuit court of that county. The respondents, having made their return, a replication was filed, and the cause was submitted to the court to try the issues of fact, without the intervention of a jury. So far as the abstract of record, filed in this court by the appellant, discloses, no declarations of law were asked or given; therefore, no question of law is before us for review (*Smith v. County Court*, 19 Mo. 433), except the question in relation to certain evidence, admitted by the court against the appellant's objections. We cannot perceive how the admission of such evidence, although clearly irrelevant, could have worked the appellant any harm, as it could clearly, in no manner, have influenced the conclusion reached by the court. For these reasons judgment is affirmed. All concur.